UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANTHONY FERRER,

    Plaintiff,

v.

WOODHAM INDUSTRIES, INC.
d/b/a BOULEVARD PAINTS,
a Florida Profit Corporation,
ROBERT WOODHAM,
individually, and
LINDA ROBERTO,
Individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, ANTHONY FERRER [hereinafter referred to as "Plaintiff" or "Ferrer"], by and through his undersigned counsel, and hereby files this Complaint against Defendants WOODHAM INDUSTRIES, INC. doing business as BOULEVARD PAINTS, a Florida profit corporation, [hereinafter referred to as "WII"]; ROBERT WOODHAM, an individual [hereinafter referred to as "Woodham"]; and LINDA ROBERTO, an individual [hereinafter referred to as "ROBERTO"]; [hereinafter collectively referred to as "Defendants"], and as grounds thereon states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages arising out of the Defendants' failure to lawfully pay minimum wages and overtime payments to the Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "FLSA").

2. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331, and has jurisdiction pursuant to 29 U.S.C. § 216(b), as these claims arise out of the Defendants' violations of the FLSA, 29 U.S.C. §§ 206, 207.

3. Venue is proper as all of the actions or omissions giving rise to these claims occurred in this District, and the Defendants are subject to personal jurisdiction in Florida.

## PARTIES

4. At all times material hereto, the Defendant, WII was a Florida Profit Corporation licensed to conduct, and actively conducting, business in the State of Florida, and maintained its principal place of business at 1400 Old Dixie Highway, Suite 1, Lake Park, Florida 33403.

5. At all times material hereto, Defendant WOODHAM was the President of WOODHAM INDUSTRIES, INC. and upon information and belief, was a resident of Palm Beach County, Florida.

6. At all times material hereto, Defendant ROBERTO was the Vice President, Treasurer, and Secretary of WOODHAM INDUSTRIES, INC. and upon information and belief, was a resident of Palm Beach County, Florida.

7. At all times material hereto, Plaintiff FERRER was an employee of the Defendants, and resided in Palm Beach County, Florida.

8. At all times material hereto, FERRER worked for the Defendants at the Defendants' principal place of business in Lake Park, Florida.

9. This cause of action accrued in Palm Beach County.

10. Defendants failed to pay Plaintiff the mandatory wages as required under state and federal law.

11. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

12. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## COMMON ALLEGATIONS

13. WOODHAM, ROBERTO, and WII jointly employed the Plaintiff, as WOODHAM and ROBERTO worked directly or indirectly in the interest of WII in relation to the Plaintiff, exercised control over the nature and structure of their employment relationship, and exercised economic control over their employment relationship.

14. FERRER was employed by the Defendants from September 2018 through March 2019, and worked at the Defendants' principal place of business.

15. Plaintiff's duties involved going to commercial and residential apartment building complexes and persuading the property manager or agent to allow him to walk the property for the purposes of creating a rough estimate of the number and size of buildings on the site. He would then return to the principal place of business and send this estimate out to a list of approved contractors who would contact the property management directly to bid for the job.

16. Plaintiff was not selling paint nor selling a contract for painting services; his primary duties did not include obtaining orders or contracts for paint or for the services connected therewith.

17. Although Defendants misclassified Mr. Ferrer as an "outside sales representative" in each Agreement, the factual details of his working relationship show that he does not meet the requirements for that exemption under the FLSA.

18. The Defendants, and each of them, failed to pay FERRER the agreed upon wages and further failed to pay FERRER the lawful, mandatory minimum overtime rate of one and one-half (1.5) times his regular hourly rate for the hours that he worked in excess of forty (40) hours per work week, and instead, either paid them their regular hourly rates, i.e., "straight time," or failed to pay them at all for those hours.

19. Plaintiff was first paid a base salary of $32,000 plus commission, which was later increased to $35,000 plus commission.

20. Under the payment terms, Plaintiff was paid $32,000.00 annually, which equates to $15.38 per hour ($32,000.00 / 52 weeks / 40 hours = $15.38/hour). As Plaintiff worked an average of forty-five (45) hours per week, he should have been paid time and one half his regular hourly rate, or $23.07 for each hour over forty, each week, or $1,730.25 ($23.07 x 5 hours x 15 weeks = $1,730.25). In 2019, Plaintiff's pay was increased to $35,000.00. He worked approximately eight (8) weeks in 2019, and is owed overtime for each of those weeks at the higher rate of $25.23 ($35,000.00 / 52 weeks / 40 hours = $16.82; $16.82 x 1.5 = $25.23). The amount owed for this time period is: $1,009.02 ($25.23 x 5 hours x 8 weeks = $1,009.02). As such, Plaintiff is owed $2,739.45 in unpaid overtime.

21. Further, he was not paid his final paycheck in violation of the FLSA.

## COUNT I – MINIMUM WAGE
## 29 U.S.C. 206
## AS TO DEFENDANT WOODHAM INDUSTRIES, INC.

22. The Plaintiff restates and realleges Paragraphs 1 through 21 as if fully set forth herein.

23. The Plaintiff is a covered, non-exempt employee under the FLSA, and thus, is entitled to minimum wage for all hours worked.

24. The Plaintiff regularly worked without being properly compensated for his time.

25. As stated, Defendants WII, WOODHAM, and ROBERTO were the Plaintiff's "joint employers," and as such, each Defendant is liable for their collective failure to pay the Plaintiff his lawful compensation pursuant to the FLSA.

26. Following Plaintiff's separation from his employment with Defendants, he could see his last paycheck in the online payroll system in the amount of $1,346.15; however, Defendants' failed to provide this check to Plaintiff despite Plaintiff's repeated requests.

27. The Defendants failed to compensate the Plaintiff his regular hourly rates for all hours worked in direct violation of the FLSA, specifically, 29 U.S.C. § 206.

28. The Defendants' failures to properly compensate the Plaintiff was the result of intentional and/or willful misconduct, such that the Plaintiff is entitled to recover his unpaid wages for the entire duration of his employment, as well as liquidated damages.

29. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered wage loss.

30. Plaintiff is entitled to back wages at the agreed upon hourly rate and liquidated damages.

31. As a direct and proximate result of the Defendants' actions, the Plaintiff has been forced to obtain counsel to represent him in this action. As a result, the Plaintiff is entitled to reimbursement and/or an award of reasonable attorneys' fees and costs pursuant to the FLSA, specifically, 29 U.S.C. § 216.

32. As a direct and proximate result of the Defendants' actions, the Plaintiff is entitled to unpaid wages, liquidated damages, attorneys' fees and costs, as well as other penalties.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor, and against the Defendants, for his back wages, liquidated damages, prejudgment interest, reasonable attorneys'

fees and costs of suit pursuant to 29 U.S.C. § 216, and for any other and further relief as this Honorable Court deems just and proper.

### COUNT II – MINIMUM WAGE
### 29 U.S.C. 206
### AS TO DEFENDANT ROBERT WOODHAM

33. The Plaintiff restates and realleges Paragraphs 1 through 21 as if fully set forth herein.

34. The Plaintiff is a covered, non-exempt employee under the FLSA, and thus, is entitled to minimum wage for all hours worked.

35. The Plaintiff regularly worked without being properly compensated for his time.

36. As stated, Defendants WII, WOODHAM, and ROBERTO were the Plaintiff's "joint employers," and as such, each Defendant is liable for their collective failure to pay the Plaintiff his lawful compensation pursuant to the FLSA.

37. Following Plaintiff's separation from his employment with Defendants, he could see his last paycheck in the online payroll system in the amount of $1,346.15; however, Defendants' failed to provide this check to Plaintiff despite Plaintiff's repeated requests.

38. The Defendants failed to compensate the Plaintiff his regular hourly rates for all hours worked in direct violation of the FLSA, specifically, 29 U.S.C. § 206.

39. The Defendants' failures to properly compensate the Plaintiff was the result of intentional and/or willful misconduct, such that the Plaintiff is entitled to recover his unpaid wages for the entire duration of his employment, as well as liquidated damages.

40. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered wage loss.

41. Plaintiff is entitled to back wages at the agreed upon hourly rate and liquidated damages.

42. As a direct and proximate result of the Defendants' actions, the Plaintiff has been forced to obtain counsel to represent him in this action. As a result, the Plaintiff is entitled to reimbursement and/or an award of reasonable attorneys' fees and costs pursuant to the FLSA, specifically, 29 U.S.C. § 216.

43. As a direct and proximate result of the Defendants' actions, the Plaintiff is entitled to unpaid wages, liquidated damages, attorneys' fees and costs, as well as other penalties.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor, and against the Defendants, for his back wages, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216, and for any other and further relief as this Honorable Court deems just and proper.

## COUNT III – MINIMUM WAGE
## 29 U.S.C. 206
## AS TO DEFENDANT LINDA ROBERTO

44. The Plaintiff restates and realleges Paragraphs 1 through 21 as if fully set forth herein.

45. The Plaintiff is a covered, non-exempt employee under the FLSA, and thus, is entitled to minimum wage for all hours worked.

46. The Plaintiff regularly worked without being properly compensated for his time.

47. As stated, Defendants WII, WOODHAM, and ROBERTO were the Plaintiff's "joint employers," and as such, each Defendant is liable for their collective failure to pay the Plaintiff his lawful compensation pursuant to the FLSA.

48. Following Plaintiff's separation from his employment with Defendants, he could see his last paycheck in the online payroll system in the amount of $1,346.15; however, Defendants' failed to provide this check to Plaintiff despite Plaintiff's repeated requests.

49. The Defendants failed to compensate the Plaintiff his regular hourly rates for all hours worked in direct violation of the FLSA, specifically, 29 U.S.C. § 206.

50. The Defendants' failures to properly compensate the Plaintiff was the result of intentional and/or willful misconduct, such that the Plaintiff is entitled to recover his unpaid wages for the entire duration of his employment, as well as liquidated damages.

51. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered wage loss.

52. Plaintiff is entitled to back wages at the agreed upon hourly rate and liquidated damages.

53. As a direct and proximate result of the Defendants' actions, the Plaintiff has been forced to obtain counsel to represent him in this action.  As a result, the Plaintiff is entitled to reimbursement and/or an award of reasonable attorneys' fees and costs pursuant to the FLSA, specifically, 29 U.S.C. § 216.

54. As a direct and proximate result of the Defendants' actions, the Plaintiff is entitled to unpaid wages, liquidated damages, attorneys' fees and costs, as well as other penalties.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor, and against the Defendants, for his back wages, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216, and for any other and further relief as this Honorable Court deems just and proper.

### COUNT IV – UNPAID OVERTIME
### 29 U.S.C. § 207
### AS TO DEFENDANT WOODHAM INDUSTRIES, INC.

55. The Plaintiff restates and realleges Paragraphs 1 through 21 as if fully set forth herein.

56. The Plaintiff is a covered, non-exempt employee under the FLSA, and thus, is entitled to overtime compensation of at least one and one-half (1.5) times his regular hourly rate for all hours worked over forty (40) hours in a work week.

57. The Plaintiff regularly worked over forty (40) hours per work week without being properly compensated for his overtime hours.

58. Defendants are aware of hours for which Plaintiff was not properly compensated.

59. As stated, Defendants WII, WOODHAM, and ROBERTO were the Plaintiff's "joint employers," and as such, each Defendant is liable for their collective failure to pay the Plaintiff his lawful overtime compensation pursuant to the FLSA.

60. The Defendants failed to compensate the Plaintiff at a minimum overtime rate of one and one-half (1.5) times his hourly rates for all hours worked over forty (40) hours per work week, in direct violation of the FLSA, specifically, 29 U.S.C. § 207.

61. The Defendants' failures to properly compensate the Plaintiff for his overtime hours was the result of intentional and/or willful misconduct, such that the Plaintiff is entitled to recover their unpaid overtime wages for the entire duration of his employment, as well as liquidated damages.

62. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered economic damages and seeks overtime wage payments and liquidated damages.

63. As a direct and proximate result of the Defendants' actions, the Plaintiff has been forced to obtain counsel to represent him in this action and has agreed to incur reasonable attorneys' fees and costs for the prosecution of this matter. As a result, the Plaintiff is entitled to reimbursement and/or an award of reasonable attorneys' fees and costs pursuant to the FLSA, specifically, 29 U.S.C. § 216.

64. As a direct and proximate result of the Defendants' actions, the Plaintiff is entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs, as well as other penalties.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor, and against the Defendants, for his back overtime payments, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216, and for any other and further relief as this Honorable Court deems just and proper.

## COUNT V – UNPAID OVERTIME
## 29 U.S.C. § 207
## AS TO DEFENDANT ROBERT WOODHAM

65. The Plaintiff restates and realleges Paragraphs 1 through 21 as if fully set forth herein.

66. The Plaintiff is a covered, non-exempt employee under the FLSA, and thus, is entitled to overtime compensation of at least one and one-half (1.5) times his regular hourly rate for all hours worked over forty (40) hours in a work week.

67. The Plaintiff regularly worked over forty (40) hours per work week without being properly compensated for his overtime hours.

68. Defendants are aware of hours for which Plaintiff was not properly compensated.

69. As stated, Defendants WII, WOODHAM, and ROBERTO were the Plaintiff's "joint employers," and as such, each Defendant is liable for their collective failure to pay the Plaintiff his lawful overtime compensation pursuant to the FLSA.

70. The Defendants failed to compensate the Plaintiff at a minimum overtime rate of one and one-half (1.5) times his hourly rates for all hours worked over forty (40) hours per work week, in direct violation of the FLSA, specifically, 29 U.S.C. § 207.

71. The Defendants' failures to properly compensate the Plaintiff for his overtime hours was the result of intentional and/or willful misconduct, such that the Plaintiff is entitled to recover their unpaid overtime wages for the entire duration of his employment, as well as liquidated damages.

72. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered economic damages and seeks overtime wage payments and liquidated damages.

73. As a direct and proximate result of the Defendants' actions, the Plaintiff has been forced to obtain counsel to represent him in this action and has agreed to incur reasonable attorneys' fees and costs for the prosecution of this matter.  As a result, the Plaintiff is entitled to reimbursement and/or an award of reasonable attorneys' fees and costs pursuant to the FLSA, specifically, 29 U.S.C. § 216.

74. As a direct and proximate result of the Defendants' actions, the Plaintiff is entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs, as well as other penalties.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor, and against the Defendants, for his back overtime payments, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216, and for any other and further relief as this Honorable Court deems just and proper.

### COUNT VI – UNPAID OVERTIME
### 29 U.S.C. § 207
### AS TO DEFENDANT LINDA ROBERTO

75. The Plaintiff restates and realleges Paragraphs 1 through 21 as if fully set forth herein.

76. The Plaintiff is a covered, non-exempt employee under the FLSA, and thus, is entitled to overtime compensation of at least one and one-half (1.5) times his regular hourly rate for all hours worked over forty (40) hours in a work week.

77. The Plaintiff regularly worked over forty (40) hours per work week without being properly compensated for his overtime hours.

78. Defendants are aware of hours for which Plaintiff was not properly compensated.

79. As stated, Defendants WII, WOODHAM, and ROBERTO were the Plaintiff's "joint employers," and as such, each Defendant is liable for their collective failure to pay the Plaintiff his lawful overtime compensation pursuant to the FLSA.

80. The Defendants failed to compensate the Plaintiff at a minimum overtime rate of one and one-half (1.5) times his hourly rates for all hours worked over forty (40) hours per work week, in direct violation of the FLSA, specifically, 29 U.S.C. § 207.

81. The Defendants' failures to properly compensate the Plaintiff for his overtime hours was the result of intentional and/or willful misconduct, such that the Plaintiff is entitled to recover their unpaid overtime wages for the entire duration of his employment, as well as liquidated damages.

82. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered economic damages and seeks overtime wage payments and liquidated damages.

83. As a direct and proximate result of the Defendants' actions, the Plaintiff has been forced to obtain counsel to represent him in this action and has agreed to incur reasonable attorneys' fees and costs for the prosecution of this matter.  As a result, the Plaintiff is entitled to reimbursement and/or an award of reasonable attorneys' fees and costs pursuant to the FLSA, specifically, 29 U.S.C. § 216.

84. As a direct and proximate result of the Defendants' actions, the Plaintiff is entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs, as well as other penalties.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor, and against the Defendants, for his back overtime payments, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216, and for any other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff further demands a trial by jury on all issues so triable.

DATED this 3rd day of October, 2019.

Respectfully submitted,

s/*Anne Tomasello*
Anne Tomasello, Esq.
Florida Bar Number 0877751
Primary e-mail: ATomasello@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020
*Attorneys for Plaintiff*